UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| **ESTES EXPRESS LINES, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | 4:08-cv-91-AS-APR |
| ) | |
| **Lawson Products Corp.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION & ORDER

This matter is before the Court on a Motion for Default Judgement filed on April 14, 2009 by Plaintiff, Estes Express Lines, Inc. (Docket No. 9). In its complaint, Plaintiff alleges that Defendant violated a Pricing Agreement to which both parties had assented and is therefore liable under Federal statutes governing Motor Carriers.[1]

Due to Defendant's failure to enter an appearance through counsel or file any responsive pleadings in this matter, Plaintiff now moves this Court to enter default judgement against Defendant Lawson Products Corp. pursuant to Fed. R. Civ. Pro. 55(b)(2). Generally, when a party is in default, all factual allegations in the complaint, except those pertaining to damage amounts, will be taken as true. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 605 (7th Cir 2007); see also Thomson v. Wooster, 114 U.S. 104 (1885). Nonetheless, the

---

1 It should be noted that, although Plaintiff alleges a violation of 49 U.S.C. § 1301 in its complaint (Docket No. 1 at 1), the actual statute begins at 49 U.S.C. §13101. Accordingly, this order deals with the latter statutory provision rather than the former.

Court is at liberty to satisfy itself that the party moving for default judgment has established "the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2)(C).[2]

Plaintiff has provided copies of its rules tariffs and the affidavit of Wendy Belcher to this Court. However, in its complaint, Plaintiff states, "on or after February 2008, Plaintiff and [Defendant] had between them a Pricing Agreement with regard to certain future shipments. Such Pricing Agreement incorporated into these future shipments the Plaintiff's tariffs. . . ." (Docket No. 1 at 2). Plaintiff has, heretofore, neglected to provide a copy of this pricing agreement to the Court. Without proof of this agreement, it is not possible for this Court to determine whether the Defendant was, in fact, bound by the rules tariffs.

Additionally, to the extent that Plaintiff seeks attorneys fees and costs, Plaintiff's attorney must submit an itemized and detailed billing statement noting the amount charged per hour and for what services Plaintiff was billed, as well as evidence of the attorney's customary hourly rate. Plaintiff's attorney must also submit an affidavit attesting that the billing statement is a true and accurate statement based upon his personal knowledge and belief. See, e.g., A. Bauer Mechanical, Inc. v. Joint Arbitration Bd. of Plumbing Contractors' Ass'n & Chicago Journeymen Plumbers' Local Union 130 U.A., 562 F.3d 784, 793 (7th Cir.

---

2    Rule 55 used to explicitly grant Courts the right to "order such references as it deems necessary and proper." Fed. R. Civ. P. 55(b)(2) (amended 2007). The language of Rule 55 has since changed; however, the notes accompanying the amendment state that the changes made therein were intended to be "stylistic only." Thus, this Court is well within its discretion in ordering plaintiffs to file additional evidence in support of their Motion for Default Judgment.

2

2009) ("When determining the reasonableness of attorneys' fees, a 'lodestar' analysis, which multiplies the attorneys' reasonable hourly rates by the number of hours reasonably expended, is typically the starting point.").

Plaintiff has up to and including **Wednesday, July 1, 2009**, in which to file proof of the Pricing Agreement and, if desired, proof of attorney's fees.

**SO ORDERED**.

**DATED: June 17, 2009**

                 /s/ ALLEN SHARP
                **ALLEN SHARP, JUDGE**
                **UNITED STATES DISTRICT COURT**